IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,       *

vs.       *

FREDDIE CLARK,       *       CASE NO. 4:18-CR-46 (CDL)

    Defendant.       *

O R D E R

Presently pending before the Court are Defendant's motion in limine and "motion to require the Government to elect."

## I. Defendant's Motion in Limine

Defendant's motion in limine to preclude the Government from introducing untested tablets (ECF No. 48) is moot given the Government's response. If Defendant wishes to have the Court issue some instruction that the reference to "ecstasy" in bodycam footage should be disregarded because the tablets were not tested and the Defendant is not charged with any offense involving those "ecstasy," then Defendant should alert the Court prior to the playing of the video.

## II. Defendant's Motion to Require the Government to Elect

Defendant's motion to require the Government to elect (ECF No. 46) is denied. Defendant argues that Count Three of the superseding indictment is impermissibly duplicative. Count Three alleges: Defendant "did knowingly possess a firearm, to

wit: one (1) Ruger, Model: LCP, .380 caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense set forth in Count Two of this Indictment, and did knowingly carry said firearm during and in relation to the drug trafficking crime set forth in Count Two." Superseding Indictment 2, ECF No. 37. There is only one drug trafficking crime alleged in Count Two: possession with intent to distribute methamphetamine. *Id.*

Defendant asserts that Count Three of the indictment is impermissibly duplicative because it alleges that Defendant possessed a firearm in furtherance of the drug trafficking crime alleged in Count Two and carried a firearm during and in relation to the drug trafficking crime alleged in Count Two. "A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (quoting *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989) (per curiam)). Alleging in the indictment multiple means or methods of committing a single offense is not improperly duplicative. *Schlei*, 122 F.3d at 1573.

For example in *Burton*, the Eleventh Circuit construed 18 U.S.C. § 641, which makes it a crime to "embezzle[], steal[], purloin[], or knowingly convert[]" public money or property.

2

*Burton*, 871 F.2d at 1570 & n.1 (quoting 18 U.S.C. § 641). It found that the statute prescribed "several alternative ways in which the statute may be violated and each is subject to the same punishment." *Id.* at 1573. The indictment in *Burton* charged the defendants with "embezzling and converting" government money. The Eleventh Circuit concluded that the "acts of embezzling and converting government property simply constitute two separate ways in which a violation of 18 U.S.C. § 641 may occur, not two separate crimes." *Id.* at 1574. "An indictment is not duplicitous if, in one count, it charges a defendant with violating the statute in both ways." *Id.*

Here, the relevant statute is 18 U.S.C. § 924(c)(1), which provides: "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be subject to additional penalties. Thus, § 924(c)(1), like § 641, prescribes "several alternative ways in which the statute may be violated and each is subject to the same punishment." *Burton*, 871 F.2d at 1573. Accordingly, Count Three of the

3

indictment is not duplicative, and Defendant's motion to require the Government to elect is denied.[1]

## CONCLUSION

As discussed above, Defendant's motion in limine to preclude the Government from introducing untested tablets (ECF No. 48) is moot, and Defendant's motion to require the Government to elect (ECF No. 46) is denied.

IT IS SO ORDERED, this 20th day of September, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Government still must prove to the satisfaction of a unanimous jury that Defendant engaged in one or more of the alternative ways for violating the statute. And the Court does not understand the Government to be taking a contrary position.